988 F.2d 121
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James Lee PINKERTON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-56258.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 2, 1993.*
Decided Feb. 12, 1993.
 
 Appeal from the United States District Court for the Central District of California, No. CV-91-2153-RSWL; Ronald S.W. Lew, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before BEEZER, BRUNETTI and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 After a jury trial, James Lee Pinkerton was convicted of conspiracy to rob a United States postal worker, in violation of 18 U.S.C. § 371; aiding and abetting in the assault with the intent to rob United States postal worker Theodore Spears, in violation of 18 U.S.C. §§ 2 and 2114; robbery of United States postal worker David Solat, in violation of 18 U.S.C. § 2114; aiding and abetting the murder of United States postal worker David Solat, in violation of 18 U.S.C. §§ 2, 1111 and 1114; and aiding and abetting the assault of United States postal worker Boyd Manes, in violation of 18 U.S.C. §§ 2 and 2114. Pinkerton was not named in count 5 of the six-count superseding indictment, which charged defendant Adams with assault with intent to rob United States postal worker Arthur Edmond. However, the United States Parole Commission ("Commission") referred to the Edmond assault listed in the presentence report at Pinkerton's parole hearing.
 
 
 3
 Pinkerton appeals the district court's denial of his petition for writ of habeas corpus, alleging that the Commission violated his due process rights. Pinkerton also alleges that Public Law 101-650 is an unconstitutional ex post facto law. Pub.L. 101-650, Title III, § 316, Dec 1, 1990, 104 Stat. 5115; see U.S. Const. art. 1, § 9, cl. 3; art 1, § 10, cl. 1. The district court had jurisdiction under 28 U.S.C. § 2241. The district court's judgment was appealable as a final order pursuant to 28 U.S.C. § 2253. Notice of appeal was timely filed. We have jurisdiction to consider Pinkerton's constitutional challenges. Wallace v. Christensen, 802 F.2d 1539, 1552 (9th Cir.1986) (en banc). We affirm.
 
 1. Due Process
 
 4
 We review de novo the decision whether to grant or deny a petition for habeas corpus. Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991). Claims of constitutional violations by the Commission are also reviewed de novo. Wallace, 802 F.2d at 1552.
 
 
 5
 Pinkerton contends the Commission violated his fifth amendment due process rights by referring to the uncharged Edmond assault at his parole hearing to determine his presumptive parole date. There is no evidence, however, that the Commission based its parole determination on the uncharged conduct of the Edmond assault. The notice of action states that "a decision more than 48 months above the minimum guideline range is warranted because [Pinkerton was] involved in robbery of a mail courier and the deliberate execution of the victim who was shot five times in the head." United States Parole Commission Notice of Action, December 30, 1986. Furthermore, the transcript of the parole hearing does not support Pinkerton's assertion that the Commission's reference to the assault at the hearing indicates that the Commission considered the assault to be part of the evidence against him. Pinkerton was not denied due process.
 
 2. Ex Post Facto Clause
 
 6
 Whether Public Law 101-650 violates the Ex Post Facto Clause is a constitutional question reviewable de novo. See Wallace, 802 F.2d at 1552; Pub.L. 101-650, Title III, § 316, Dec. 1, 1990, 104 Stat. 5115.
 
 
 7
 Pinkerton contends Public Law 101-650 is an ex post facto law as applied to him because it extends the period of time in which the Commission must set his parole date from 1992 to 1997. See Pub.L. 101-650, supra (amending section 235(b) of the Sentencing Reform Act of 1984, Pub.L. 98-473, 98 Stat. 1987, 2032 (1984), Pub.L. 100-182, 101 Stat. 1266 (1987), to extend the life of the parole provisions, 18 U.S.C. §§ 4201 et seq., for an additional five years); Stange v. U.S. Parole Comm'n, 875 F.2d 760, 762 (9th Cir.1989) (holding section 235(b)(3) only requires the Commission to set a parole date for prisoners within its jurisdiction early enough to permit an appeal of the parole date before the Commission ceases to exist).
 
 
 8
 "[T]wo critical elements must be present for a criminal or penal law to be ex post facto: it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it." Weaver v. Graham, 450 U.S. 24, 29 (1981) (footnotes omitted); see also Watson v. Estelle, 886 F.2d 1093, 1094 (9th Cir.1989). In this case, Public Law 101-650 is retrospective because it establishes a timetable for the Commission to set a parole date for prisoners like Pinkerton who committed their crimes before its enactment. Thus, the only question in this case is whether Pinkerton is disadvantaged by Public Law 101-650.
 
 
 9
 At the time Pinkerton committed his crimes (1976-1977), the Sentencing Reform Act of 1984, which required the Commission to set parole dates by 1992 for prisoners who would be under the Commission's jurisdiction on the eve of the Commission's expiration in 1992, was not in effect. "The key ex post facto inquiry is the actual state of the law at the time the defendant perpetrated the offense." Watson, 886 F.2d at 1096. "[C]entral to the ex post facto prohibition is a concern for 'the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated.' " Miller v. Florida, 482 U.S. 423, 430 (1987), 107 S.Ct. 2446, 2451 (quoting Weaver, 450 U.S. at 30) (emphasis added). Pinkerton is not disadvantaged by Public Law 101-650, because when his crimes were consummated, he had no expectation of having a presumptive parole date set by 1992.
 
 
 10
 Pinkerton does not advance the argument that Public Law 101-650's requirement that the Commission set the parole date for prisoners within its jurisdiction before the expiration of the Commission in 1997 is more onerous than the law in place at the time he committed his crimes. That law did not specify any time-frame within which the Commission had to set a parole date. It is "axiomatic that for a law to be ex post facto it must be more onerous than the prior law." Dobbert v. Florida, 432 U.S. 282, 294 (1977). The "prior law" refers to the law in force at the time of the commission of the crime. Watson, 886 F.2d at 1097.
 
 
 11
 Pinkerton's ex post facto argument, like the petitioner's in Watson, rests not upon a change in the law more onerous than that when he committed his crimes, but upon a change in a law that itself was not even enacted when he committed his crimes. Id. The Watson court concluded that such a "sophistic argument mocks the substance of the Ex Post Facto Clause" and must be rejected. Id. We agree.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3